**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **MIGUEL QUINONES,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:06-0072** |
| | ) | |
| **JIM RUBENSTEIN, *et al.,*** | ) | |
| **Respondents.** | ) | |

<u>**PROPOSED FINDINGS AND RECOMMENDATION**</u>

On February 2, 2006, Petitioner, acting *pro se* and formerly incarcerated at Mount Olive Correctional Complex, Mount Olive, West Virginia,[1] filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody.[2] (Document No. 1.) Petitioner alleges the following grounds for *habeas* relief:

    I.      Violation of Sixth Amendment:
           A.     Ineffective Assistance of Counsel.
           B.     Denial of compulsory process to obtain witnesses in his favor.

    II.     Violation of Fifth Amendment and Fourteenth Amendment:
           A.     Due Process of Law
                  1.     Prosecutorial misconduct.
                  2.     Judicial prejudice in evidentiary rulings and jury composition ruling.
                  3.     Excessive sentence imposed.
           B.     Denial of equal protection under the laws:
                  1.     Denial of "full and fair" habeas corpus proceedings to question grounds raised as mandated by West Virginia law.
                  2.     Denial of "reasonable" habeas corpus hearing by lower court in not addressing grounds asserted, mandated by § 2254.

---

[1]  Petitioner is no longer incarcerated at the Mount Olive Correctional Complex. He is currently incarcerated at St. Marys Correctional Center.

[2] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

       3.      Failure of State court to properly address record of proceedings and apply legal precedent of state law equity.

III.    Violation of Eighth Amendment:
    A.    Cruel and unusual punishment inflicted:
        1.    Length of sentence to that of co-defendant.
        2.    Conviction without evidence of guilty beyond reasonable doubt.
        3.    Court's failure to rectify unlawful lower court rulings.

(Document No. 1, p. 23.) By Standing Order entered on July 12, 2004, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

## PROCEDURAL HISTORY

On January, 14, 1998, the Grand Jury of Fayette County, West Virginia, returned an Indictment against Petitioner, charging him with murder. State v. Quinones, Criminal Action No. 98-F-3 (Cir. Ct. Fayette Co. October 2, 2000). (Document No. 23-2, Exhibit 1.) Following a jury trial conducted on August 8-11, 2000, Petitioner was convicted of second degree murder. (Id., Exhibit 2.) By Order entered October 2, 2000, Petitioner was sentenced to a determinate period of twenty-five years in the state penitentiary. (Id., Exhibit 3.)

On August 6, 2001, Petitioner, by counsel, James W. Keenan, Esquire, appealed his conviction and sentence to the Supreme Court of Appeals of West Virginia [SCAWV], raising the following assignments of error:

    A.    That it was error for the Court not to strike for cause prospective jurors Wagner and Browning.
    B.    That it was error for the Court not to grant a mistrial for prosecutorial misconduct and not grant the Defendant's motion to take testimony of the Prosecuting Attorney of Fayette County and the media representative, Mr. Gannon.
    C.    That it was error for the Court not to grant the Defendant's motion to undertake individual voir dire of the jury under the circumstances of the case.

2

> D.    That it was error of the Court to deny the Defendant's motion to present the statement of the alleged co-defendant/accomplice, Gonzales.

(Id., p. 18, Exhibit 4.) The SCAWV refused Petitioner's Petition by Order entered on November 5, 2001. State v. Quinones, Case No. 011694 (W.Va. Nov. 5, 2001). (Id., p.12, Exhibit 4.)

On January 4, 2002, Petitioner, proceeding *pro se*, filed his Petition for Writ of Habeas Corpus in the Circuit Court of Fayette County. Quinones v. Rubenstien, Civil Action No. 02-C-3 (Cir. Ct. Fayette Co. Aug. 3, 2004). (Id., p. 28, Exhibit 5.) Petitioner raised the following grounds for *habeas* relief:

> A.    Unconstitutional Search and Seizure of Evidence. Authorities entered residence of 212 Midway without a search warrant then when it was concluded that the area may have been a crime scene authorities left and returned with a search warrant.

> B.    Prosecutorial Misconduct. Unconstitutional failure to disclose evidence favorable to the defendant, false statements made by prosecutor on record, prejudice statements made by prosecutor to prejudice jury. Not disclosing all inducements to witnesses.

> C.    Judicial Prejudice. Allowing unconstitutionally selected jury panel to be selected. Allowing unconstitutionally, an unfair and impartial actions of the prosecutor, making false statements on record. Not granting time served, harsh sentence considering facts. Not granting counsel of record relief in appeal process.

> D.    Ineffective Assistance of Counsel. Attorney's client file and Court file will reveal break down in communication. Prior to trial, Complaint filed to lawyer disciplinary board. Record will reveal the lack of competence, diligence and communication on behalf of counsel of record.

(Id., pp. 31-32, Exhibit 5.) The Circuit Court  appointed counsel, James W. Blankenship, III, Esquire, to represent Petitioner. (Id.) On April 18, 2003, Petitioner filed a *pro se* amended Petition. The amended Petition contained the following grounds for relief:

Amended Ground 1:  The petitioner contends his state and federal constitutional rights under both the West Virginia and United States Constitutions to equal protection, due process of law, and a fair and impartial jury trial were violated due to ineffective assistance of trial counsel, James W. Keenan, and violated Article II, Sections 10, 14 and 17 of the West Virginia Constitution and the First, Sixth and Fourteenth Amendments to the United States Constitution.

Amended Ground 2:  The petitioner by and through the undersigned counsel argues the trial court violated the petitioner's state and federal constitutional rights under both the State of West Virginia and United State's Constitutions to equal protection, due process of law, and a fair and impartial jury trial because of prosecutorial misconduct of the State in failing to advise the petitioner's defense counsel of exculpatory evidence at trial.

Amended Ground 3:  The petitioner by and through the undersigned counsel argues the trial Court committed reversible error when Honorable Charles M. Vickers, Judge presiding, denied the petitioner's defense motion to admit his co-defendant, Miguel Gonzalez's exculpatory statement, which was voluntary given; that proved the petitioner was not involved with or did not commit the murder of the victim in this case. The trial Court erred by not reviewing each and every admission of the statement into the evidence and not allowing it to be read. Whereas the Court in one instance, during the meeting in chambers with regards to the admission of the statement, stated that he had not read the statement and approximately one five minutes into the conference, the proceedings got heatedly argumentative the court stated that the statement had been read and the court refused to allow the statement.

Amended Ground 4:  The petitioner contends the trial court erred in denying his motions for a directed verdict of acquittal for want of sufficient evidence of the elements of first and second degree murder, and in allowing the jury to consider a charge of first and second degree murder when the facts of the State's case clearly demonstrated that he was not guilty of any degree of unlawful homicide.

Amended Ground 5:  The petitioner contends he was denied due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States of America when the Circuit Court of Fayette County violated his constitutional rights to the equal protection of the laws and to substantive and procedural due process of law because of the gross and unwarranted disparity between the petitioner's sentence and his two co-defendants' sentences which violates the constitutional provisions against disproportionate sentences.

Amended Ground 6:  The petitioner contends his state and federal constitutional rights under both the West Virginia and United States Constitutions to equal protection, due process of law, and fair and impartial jury trial were violated because it was reversible trial error for the trial Court not to strike for cause prospective

jurors Dale Wagner and John Browning.

Amended Ground 7:  The petitioner contends his state and federal constitutional rights under both the West Virginia and United States Constitutions to equal protection, due process of law, and a fair and impartial jury trial were violated because it was reversible trial error for the trial Court not to grant a mistrial for prosecutorial misconduct and not to grant the petitioner's defense motion to take testimony of the prosecuting attorney of Fayette County and the media representative, Mr. Gannon, and that it was also error for the trial Court not to grant the petitioner's motion to undertake individual voir dire of the jury under the circumstances of the case.

Amended Ground 8:  The Petitioner by and through the undersigned counsel contends his state and federal constitutional rights to equal protection, due process of law, and a fair and impartial jury trial were violated because the State of West Virginia by the presiding trial Court judge, Honorable Charles M. Vickers, committed judicial misconduct which violated the petitioner's right to a fair trial.

Amended Ground 9:  The petitioner by and through the undersigned counsel contends the trial court committed a deluge of reversible and prejudicial errors violating all his state and federal constitutional rights to equal protection, due process of law, a fair and impartial jury trial due to the cumulative effect of errors committed by the State's prosecuting attorney, trial court judge and trial counsel during his pretrial, trial, and post trial court proceedings.

(Document No. 33-2, pp. 3-11.) Counsel subsequently filed a Petition and an amended Petition on

Petitioner's behalf. On May 29, 2003, the requisite "Losh List" was filed and an omnibus hearing

was conducted.[3] (Document No. 23-2 and 26-2.) The following errors were asserted in the "Losh

List":

---

[3] In *Losh v. McKenzie*, 166 W.Va. 762, 768 - 770, 277 S.E.2d 606, 610 - 611 (1981), the West Virginia Supreme Court of Appeals stated that "[o]nce a circuit court grants a pro se habeas corpus petition and appoints counsel for the petitioner, both counsel and the petitioner must raise all issues which are known to them or which, with reasonable diligence, would become known to them. That is a reasonable rule of procedure since the universe of all grounds for successful collateral attack on underlying convictions is comparatively small." The *Losh* Court listed fifty-three of the most frequently raised grounds. With some exceptions, grounds not raised are waived. *See Nagye v. Seifert*, 2005 WL 2405946, *4 (S.D.W.Va.)(Faber, C.J.);   *Markley v. Coleman*, 215 W.Va. 729, 732 - 733, 601 S.E.2d 49, 52 - 53 (2004).

1.    Prejudicial pretrial publicity.
2.    Suppression of helpful evidence by prosecutor.
3.    Ineffective assistance of counsel.
4.    Refusal of continuance.
5.    Refusal to subpoena witnesses.
6.    Constitutional errors in evidentiary rulings
7.    Instructions to the jury.
8.    Claims of prejudicial statements by prosecutor.
9.    Sufficiency of evidence.
10.   Severer sentence than expected.
11.   Excessive sentence.
12.   Failure of Court to strike for cause prospective jurors.
13.   Judicial misconduct during trial
14.   Failure of Court to permit individual voir dire regarding publicity.

(Document No. 26-2.) By Order dated August 5, 2004, the Circuit Court of Fayette County found

that Petitioner waived all grounds except the following:

I.    Ineffective Assistance of Counsel:
      a.    Counsel failed to conduct an adequate investigation.
      b.    Counsel did not adequately advise and prepare the petitioner to testify.
      c.    Counsel failed to subject the State's case to meaningful adversarial testings.
      d.    Counsel's deficient performance of his duties led to a harsher sentence.
      e.    The cumulative effect of all of counsel's deficiencies resulted in ineffective assistance of counsel denying the petitioner due process of law.

II.   The Court erred in refusing to strike jurors Browning and Wagner for cause.

III.  Petitioner was improperly convicted of a more serious offense than were his co-defendants and punished disproportionately to his involvement in the crime; the punishment imposed is shocking to the conscience.

(Document No. 23-2 , p. 37, Exhibit 6.) After addressing the merits of above claims, the Circuit

Court denied his Petition for Writ of Habeas Corpus. (Id., pp. 36-41, Exhibit 6.)

On November 18, 2004, Petitioner, proceeding *pro se*, filed his "Post-Conviction Petition for Writ of Habeas Corpus."[4] State ex rel. Quinones v. Rubenstein, No. 32661 (W.Va. Nov. 30, 2005).) By Order entered May 9, 2005, the Supreme Court granted the Petitioner's appeal. (Document No. 23-3, p. 43, Exhibit 7.) Petitioner's appointed counsel, Jack Hickock, filed a Supplemental Petition for Appeal on December 7, 2004. (Document No. 37-2, Exhibit 11.) On June 9, 2005, Petitioner's counsel filed a Brief asserting the following errors:

A.      Counsel provided ineffective assistance to Petitioner in the following ways:

1.      Counsel failed to conduct an adequate investigation.
2.      Counsel did not adequately advise Petitioner and did not prepare him to testify.
3.      Counsel failed to subject the State's case to meaningful adversarial testing.
4.      But for counsel's deficient performance of his duties to Petitioner, it is probable that the outcome of the prosecution would have been a lesser sentence.

B.      The cumulative effect of all of counsel's deficiencies was that he received ineffective assistance of counsel, with the result that he did not receive due process of law.

C.      The Court erred in refusing to strike jurors Browning and Wagner, for cause.

---

[4] Petitioner raised the following grounds for relief:

1.      Ineffective Assistance of Trial Counsel.
2.      Prosecutorial Misconduct.
3.      Judicial Prejudice/Misconduct.
4.      Refusal to grant motion for acquittal.
5.      Failure of Judge to draft comprehensive order on all grounds raised and argued in petition.
6.      Disparity of sentencing.
7.      Failure to strike jurors John Browning and Dale Wagner for cause.
8.      Failure to grant motion for mistrial and individual voir dire of jurors as to prosecutorial misconduct.
9.      Commutative effect of error.
10.     Ineffective assistance of post conviction habeas counsel.
11.     Error to not grant co-defendants statement to be read and used at trial.
        (Document No. 26-3, pp. 5-8.)

7

D.  The following assignments of error are raised in the *pro se* petition but not fully developed in this brief:

   1.  The Habeas Court did not consider all grounds raised by Appellant, and did not rule upon them in his final Order;

   2.  The Habeas Court accepted false allegations from the State regarding extradition and included them as findings of fact;

   3.  There was insufficient evidence to convict Appellant of murder; and

   4.  The Trial Court erred in not conducting individual voir dire of jurors concerning a highly prejudicial statement made to a television reporter by the Prosecuting Attorney or granting a motion for a mistrial due to prejudicial publicity.

(Document No. 23-3, p. 3, Exhibit 8.). Additionally, a supplemental *pro se* brief was attached to

counsel's brief, which identified the following alleged errors:

A.  Presiding Judge did not inquire into all grounds raised in the petition.

B.  Trial Court did not draft a comprehensive order on the merits of issues raised which were supported by fact.

C.  Trial Court added information it knew, or should have known, to be false in its order.

D.  Trial Court erred in not reversing the unlawful conviction on the ground of ineffective assistance of counsel.

E.  Trial Court erred in not reversing the conviction on the ground of prosecutorial misconduct for withholding exculpatory evidence and giving false statements to the court and prejudice.

F.  Trial Court erred in not reversing the unlawful conviction on the ground of Judicial prejudice/misconduct in the manner it refused exculpatory statements made by a witness who was unavailable and other actions.

G.  Trial Court erred in not reversing the unlawful conviction on the ground of denying his motion for acquittal for lack of evidence to convict and in allowing the jury to consider any charge of any degree of murder.

H.    Trial Court erred in not vacating the unlawful sentence imposed upon the defendant on the ground of gross unwarranted disparity of sentence to that of his co-defendant, considering the facts.

I.    Trial Court erred in not reversing the unlawful conviction on the ground of the court not striking prospective jurors Dale Wagner and John Browning for cause.

J.    The Trial Court made reversible error in refusing to grant a motion for mistrial and refusing to grant petitioners motion for testimony of the media representative, Mr. Gannon, Paul Blake, and refusing individual voir dire of jurors to investigate another charge of prosecutorial misconduct and juror bias.

K.    Trial Court erred in not overturning the unlawful conviction on the ground of cumulative effect of errors during the trial, pre-trial, and post-trial.

L.    This petitioner further contends he was subjected to ineffective assistance of post conviction habeas corpus counsel.

(Document No. 37-2, Exhibit 12.) By per curiam opinion filed November 30, 2005, the SCAWV affirmed the rulings of the Circuit Court of Fayette County. (State ex. rel. Quinones v. Rubenstein, 218 W. Va. 388, 624 S.E.2d 825 (2005).) (Id., p. 59.) The SCAWV confined its review to issues having constitutional ramifications, which were ineffective assistance of counsel and failure to strike jurors for cause.[5] State ex. rel. Quinones v. Rubenstein, 218 W. Va. at 393, 624 S.E.2d at 830.

Petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody on February 2, 2006. (Document No. 1.) By Order entered on February 9, 2007, the undersigned directed Respondents to show cause, if any, why Petitioner's Petition should

---

[5] The SCAWV recognized that Petitioner asserted additional errors not stated within counsel's brief. The Court noted "that during his testimony at the omnibus hearing Appellant, in response to a question posed by the presiding judge, indicated that he was waiving all issues except his claims of being deprived of a fair trial due to ineffective assistance of counsel and being disproportionately punished in light of his level of involvement in the crime." State ex. rel. Quinones v. Rubenstein, 218 W. Va. at 393, 624 S.E.2d at 830.

not be granted. (Document No. 18.) On March 2, 2007, in response to the Court's Order, Respondents filed their Answer, Motion to Dismiss and Memorandum in Support thereof with exhibits. (Document Nos. 22-24.) Petitioner filed a Reply and Objections to Respondents' Motion to Dismiss on March 14, 2007. (Document Nos. 25 and 26.)

On December 14, 2007, Notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a further response to Respondents' Motion to Dismiss. (Document No. 32.) Petitioner filed on January 7, 2008, an additional Response to Respondents' Motion to Dismiss.(Document No. 33.) On February 5, 2008, Respondents filed their Reply to Petitioner's Response. (Document No. 37.)

## DISCUSSION

Respondents contend that their Motion to Dismiss should be granted based upon the following: (1) Petitioner failed to exhaust all claims in State Court and is now barred by procedural default; (2) Petitioner's claims regarding State *habeas* proceedings are not cognizable in federal *habeas corpus*, and (3) Petitioner's claims are insufficiently pled.

### 1.    Procedural Default/Failure to Exhaust.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, state prisoners must exhaust available State remedies prior to filing a § 2254 petition in federal Court. 28 U.S.C. § 2254(b)(1)(A); <u>see</u> <u>also</u>, <u>McDaniel v. Holland</u>, 631 F.Supp. 1544, 1545 (S.D.W.Va. 1986)("A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies."). Section 2254(b)(1)'s exhaustion requirement can be satisfied in either one of two ways: (1) the Petitioner can fairly present all claims in State Court, or (2) the Petitioner's

claims will be deemed exhausted if no State remedies are currently available. See Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996). Fair presentation requires the Petitioner to (1) present the same claims (2) to all appropriate State Courts. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Presentation of the same claim "contemplates that 'both the operative facts and the 'controlling legal principles'' must be presented to the state court." Id. (quoting Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992) (quoting Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). The requirement of presentation of the same claim to all appropriate State Courts is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). This requirement is satisfied by presentation to the State's highest Court on either direct or collateral review. See O'Sullivan, 526 U.S. at 844, 119 S.Ct. at 1732.

Section 2254(b)(1)(B) provides, however, that a federal petition need not be dismissed for failure to exhaust if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(I) and (ii). An "absence of available State corrective process" is created, in one instance, when the State Courts would refuse to review a petitioner's claims based on the petitioner's failure to comply with state procedural rules. See e.g., Mason v. Procunier, 748 F.2d 852 (4th Cir. 1984), cert. denied sub nom., Mason v. Sielaff, 471 U.S. 1009, 105 S.Ct. 1876, 85 L.Ed.2d 168 (1985). Under such circumstances, the petitioner's claims will be considered exhausted if the State procedural rule is adequate and independent. A State procedural rule is adequate "only if it is a

11

'firmly established and regularly followed state practice.'" <u>Keel v. French</u>, 162 F.3d 263, 268 (4th Cir. 1998), <u>cert. denied</u>, 527 U.S. 1011, 119 S.Ct. 2353, 144 L.Ed.2d 249 (1999)(internal citations omitted). The Fourth Circuit has held that unambiguous State statutes and Court rules are always firmly established. <u>See</u> <u>Weeks v. Angelone</u>, 176 F.3d 249, 270 (4th Cir. 1999), <u>aff'd</u>, 528 U.S. 225, 125 S.Ct. 727, 145 L.Ed.2d 727 (2000). A State procedural rule is independent if "it does not 'depend on a federal constitutional ruling.'" <u>Burket v. Angelone</u>, 208 F.3d 172, 183 (4th Cir. 2000), <u>cert. denied</u>, 530 U.S. 1283, 120 S.Ct. 2761, 147 L.Ed.2d 1022 (2001)(*quoting* <u>Ake v. Oklahoma</u>, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985)). Procedurally defaulted claims are considered exhausted for federal *habeas* purposes.

  Claims that have been procedurally defaulted will not receive federal *habeas* review, however, unless the petitioner can establish either "cause and prejudice" for the default, or actual innocence. <u>See</u> <u>Thomas v. Davis</u>, 192 F.3d 445, 450 n.2 (4th Cir. 1999); <u>Mueller v. Angelone</u>, 181 F.3d 557, 584 (4th Cir.), <u>cert. denied</u>, 527 U.S. 1065, 120 S.Ct. 37, 144 L.Ed.2d 839 (1999). Cause is established when an objective factor external to the petitioner's actions impeded the ability to comply with the State's procedural rule. <u>See</u> <u>Strickler v. Greene</u>, 527 U.S. 263, 283 n.24, 119 S.Ct. 1936, 1949 n.24, 144 L.Ed.2d 286 (1999). The petitioner, however, must exhibit reasonable diligence to establish cause. <u>See</u> <u>Hoke v. Netherland</u>, 92 F.3d 1350, 1354 n.1 (4th Cir.), <u>cert. denied</u>, 519 U.S. 1048, 117 S.Ct. 630, 136 L.Ed.2d 548 (1996). Prejudice must be actual; the petitioner must show that the trial was infected with actual constitutional error which worked to his disadvantage. <u>See</u> <u>McCarver v. Lee</u>, 221 F.3d 583, 592 (4th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1089, 121 S.Ct. 809, 148 L.Ed.2d 694 (2001); <u>Tucker v. Catoe</u>, 221 F.3d 600, 615 (4th Cir.), <u>cert. denied</u>, 531 U.S. 1054, 121 S.Ct. 661, 148 L.Ed.2d 563 (2000).

In their Motion, Respondents contend that Petitioner failed to properly exhaust his available State Court remedies with respect to all of his claims. Specifically, Respondents allege that the following claims have not been fully exhausted: (1) Claim of judicial prejudice in evidentiary rulings (Ground II(A)(2)); (2) Claims of excessive sentence (Ground II(A)(3)); and (3) Violation of the Eighth Amendment (Ground III). (Document No. 24.) Respondents state that Petitioner's above claims are not exhausted because "[n]one of the above claims are contained either in his direct appeal or habeas appeal."[6]  (Id., p. 8.) Respondents further argue that Petitioner's unexhausted claims are procedurally defaulted and should be dismissed. Respondents assert that State remedies are no longer available because Petitioner failed to place the above claims before the SCAWV in a proper procedural context. (Id.)

Petitioner responds that he properly presented the above claims before the Circuit Court of Fayette County and the SCAWV. Specifically, Petitioner states the following:

> Petitioner has exhausted all claims presented in his petition and has done so at every level that the state affords him. The same claims your Petitioner presents to this court are the same that were filed in his initial state circuit court proceeding, his intent to appeal, and his filed petition to the West Virginia Supreme Court. Respondents have failed to meet to burden of proving their claim that this Petitioner has failed to exhaust his claims and has failed to prove that procedural default bars any of your Petitioner claims. As a matter of fact, with this reply, your Petitioner not only proves that he has exhausted his claims at all levels of the state process, he also exposes how once again the state has attempted to pull the wool over the court's eyes in an attempt to conceal the state's wholly unreasonable state fact finding process and overall violation and corruption of your Petitioner's constitutionally protected rights.

(Document No. 25.) Petitioner asserts that the above claims were raised in his *pro se* Petition and Brief in Support of the Petition. Petitioner contends that his *habeas* counsel refused to raise the

---

[6]  Respondents concede exhaustion of all claims raised in Petitioner's direct appeal of his conviction. (Document No. 37.)

ground of judicial prejudice because of his "professional relationship," but counsel informed Petitioner that the claim was properly preserved because it was raised in his *pro se* Petition. Petitioner alleges that the above claims were not addressed in the Circuit Court's Opinion Order because the Court adopted the prosecuting attorney's proposed findings of fact and conclusions of law, "who failed to address his claims and arguments of law." (Document No. 26, p. 3.) Petitioner appealed the above decision to the SCAWV, where he states that the above claims were once again presented, but not addressed. (Id., pp. 1-2.)

Respondents argue in their Reply that "all grounds not argued by Petitioner in his appeal briefs are waived and therefore not exhausted." Respondents note that the SCAWV found that Petitioner had waived all claims except ineffective assistance of counsel and disproportionate sentencing during Petitioner's *habeas* proceeding in Circuit Court. Therefore, Respondents state that Petitioner cannot return to State Court to exhaust his other claims, because no State Court remedies remain available to him. (Document No. 37.)

**A. Claims of Judicial Prejudice and Excessive Sentence (Ground II(A)(2) and (3)):**

Construing Petitioner's Application liberally and in consideration of the matters of record, it is clear that Petitioner fairly presented claims asserted in Ground II(A)(2) (judicial prejudice in evidentiary rulings) and Ground II(A)(2) (excessive sentence) in State Court. The Court recognizes that Respondents place significant weight on the fact that the Circuit Court and SCAWV failed to address the merits of the above claims in their written opinions. A properly presented claim, however, will be deemed exhausted even if the State Court fails to address or rule upon a claim. Wallace v. Duckworth, 778 F.2d 1215, 1223 (7th Cir. 1985)("[S]tate court need only be given the *opportunity* to decide an issue; it is not necessary that the court explicitly rule on the issue.");

14

Swanger v. Zimmerman, 750 F.2d 291, (3rd Cir. 1984)(The exhaustion requirement has been "judicially interpreted to mean that claims must have been presented to the state court; they need not have been considered or discussed by those courts."); See Carter v. Estelle, 677 F.2d 427, 449 (5th Cri. 1982), *cert. denied*, 460 U.S. 1056 (1983)( The state courts may not thwart the exhaustion requirement by refusing to rule or by ruling inconclusively.) Thus, if the substance of Petitioner's constitutional claims are raised in his State Court brief, the fact that the State Court does not explicitly address the claims does not preclude exhaustion because the State Court had the opportunity to consider the issues. See Smith v. Digmon, 434 U.S. 332, 333-34, 98 S.Ct. 597, 598-99, 54 L.Ed. 2d 582 (1978) (per curiam).

The undersigned finds that the State Court had the opportunity to consider Grounds II(A)(2) and (3) because they were fairly presented in State Court. Ground II(A)(2) (judicial prejudice in evidentiary rulings) was presented to the SCAWV on both direct and collateral review.[7] Additionally, it is clear that Petitioner presented Ground II(A)(3) (excessive sentence) in a full round of state *habeas* proceedings. Specifically, Petitioner presented the above claims in Grounds 3, 5, 8, and 9 of his *pro se* Amended Petition for Writ of Habeas Corpus filed with the Circuit Court of Fayette County. (Document No. 33-2.) Petitioner further asserted the following errors in his "Losh List": (a) "Judicial Misconduct," (b) "Constitutional errors in evidentiary rulings," and (c) "Excessive Sentence."(Document No. 23-2 and 26-2.) Next, the Petitioner appealed the Circuit Court's denial of *habeas* relief to the SCAWV, where Petitioner once again claimed the above grounds of error. Petitioner asserted the above claims in subsections (F) and (H) of his Petition for Appeal and *Pro*

---

[7] On direct appeal, Petitioner alleged "[t]hat it was error of the Court to deny the Defendant's motion to present the statement of the alleged co-defendant/accomplice, Gonzales." (Document No. 23-2, p. 18, Exhibit 4.)

*Se* Brief. (Document No. 37-2, Exhibits 10 and 12.) The SCAWV recognized that Petitioner's supplemental *pro se* brief identified additional errors to those asserted by counsel, but concluded that "during his testimony at the omnibus hearing, Appellant, in response to a question posed by the presiding judge, indicated that he was waiving all issues except his claims of being deprived of a fair trial due to ineffective assistance of counsel and being disproportionately punished in light of his level of involvement in the crime." State ex rel. Quinones, 218 W. Va. at 393, 624 S.E.2d at 830. Based on the foregoing, the undersigned finds that Respondent's claim that Petitioner failed to exhausted Ground II A(2) and (3) because the grounds were not presented to the SCAWV is incorrect. The mere fact that the SCAWV stated that it found the additional claims in the *pro se* brief to be waived, supports the conclusion that these claims were presented to the SCAWV.[8] Furthermore, Petitioner asserted the above claims in his "Losh List" filed on the day of the omnibus hearing, which indicates that Petitioner did not waive the above claims.[9] (Document No. 23-2 and 26-2.) Accordingly, the Court concludes that Petitioner exhausted Ground II A(2) and (3) by properly and fairly presenting the claims in his *pro se* petitions and briefs filed in the Circuit Court of Fayette County and the SCAWV.

**B.  Violation of the Eighth Amendment (Ground III.):**

After reviewing the record in this civil action, the undersigned finds that Petitioner's ground for relief numbered III(A)(1), (2), and (3) are procedurally defaulted. In Ground III(A), Petitioner

---

[8]  The Court notes that the correctness of SCAWV's conclusion as to waiver is irrelevant to the Court's determination of exhaustion. A proper determination of waiver, however, is relevant to the question of procedural default.

[9]  Transcripts of Petitioner's omnibus hearing were not provided as an exhibit by either party. Therefore, the Court cannot conclude that Petitioner waived the above grounds during his omnibus hearing.

alleges that his Eighth Amendment rights were violated by the following:(1) Length of sentence to

that of co-defendant; (2) Conviction without evidence of guilt beyond reasonable doubt; (3) Court's

failure to rectify unlawful lower Court rulings. The Court finds that Petitioner did not raise the above

grounds as errors in his direct appeal of his conviction or his appeal of the Circuit Court's denial of

*habeas* relief to the SCAWV. The undersigned notes that it considered and reviewed all *pro se*

documents filed as exhibits by Petitioner and the record is void of any reference to an Eighth

Amendment violation. Additionally, Petitioner would be prohibited from filing a further Petition for

Writ of Habeas Corpus in the Circuit Court because he has already been afforded one complete

round of *habeas* review therein. A West Virginia *habeas* petitioner is entitled to one omnibus *habeas*

*corpus* hearing in which all claims not presented are considered waived. See W.Va. Code § 53-4A-1,

et seq.; Losh v. McKenzie, 166 W.Va. 762, 768, 277 S.E.2d 606, 610-11 (1981)("Once a circuit

court grants a pro se habeas corpus petition and appoints counsel for the petitioner, both counsel and

the petitioner must raise all issues which are known to them or which, with reasonable diligence,

would become known to them."). The record reveals that Petitioner filed a *habeas* petition in the

Circuit Court of Fayette County and that counsel was appointed to represent him. Appointed counsel

then filed an amended petition and the requisite "Losh List" whereby all unchecked claims were

deemed waived, and the Circuit Court subsequently denied his petition. Accordingly, Petitioner has

no available state remedies to pursue.

Having determined that the errors asserted in Ground III are procedurally defaulted,

Petitioner may obtain federal *habeas* review of the claims only if he can establish cause and

prejudice for his failure to present the claims to the SCAWV, or his actual innocence. Although

Petitioner claims actual innocence, the undersigned finds that Petitioner has not set forth any

evidence of such and therefore, does not address this reason. Additionally, Petitioner has not indicated, nor does the record suggest, any circumstance which hindered or impeded him from raising the aforesaid issues. Petitioner's request for review of his conviction and sentence, and the Circuit Court's denial of his Petition for *habeas* relief, were submitted by counsel. Accordingly, Petitioner does not satisfy the cause and prejudice standard, and therefore, the undersigned finds that the District Court should decline to reach the merits of the procedurally defaulted claims in Ground III(A)(1), (2), and (3).

       2.      <u>**Errors in State Post-Conviction Proceedings.**</u>

Petitioner raises in Ground III(B)(1), (2), and (3), certain errors in his State post-conviction proceedings. Petitioner alleges he was denied equal protection under the Fifth and Fourteenth Amendments by the following: "(1) Denial of full and fair habeas corpus proceedings to question grounds raised as mandated by West Virginia law; (2) Denial of reasonable habeas corpus hearing by lower court in not addressing grounds asserted and mandated by § 2254; and (3) Failure of State court to properly address record of proceedings and apply legal precedent of state law equity." (Document No. 1, p. 23.) Specifically, Petitioner states that counsel would not present arguments on the claims of prosecutorial misconduct and judicial prejudice, but indicated that the claims "would be preserved and the court would have to rule on them because they were asserted and argued in the petition." (Document 1, p. 16.) Petitioner contends that the State's proposed findings incorrectly stated that the petitioner "waived all grounds except ineffective assistance of counsel, failure to strike jurors for cause, and disparity of sentencing." (<u>Id.</u>, p. 17.) Although Petitioner argues that he immediately notified the Circuit Court that he did not waive the above claims and apprised the Court that these claims were asserted in his "Losh List" and Amended *Pro Se* Petition, the Court

adopted the State's proposed findings and conclusions of law. (Id.) Petitioner asserts that the Circuit Court denied him a full and fair *habeas corpus* proceeding by failing to address his claims of prosecutorial misconduct and judicial prejudice. (Id., p. 18.) Similarly, Petitioner contends that the SCAWV "misrepresented facts of the record and misapplied law" and "failed to address many of the vital specifics in regards to the ineffective assistance of counsel claims as to the impeachment evidence not utilized by counsel which he had readily available for the State's two witnesses, Diane Green and Heather Taylor." (Id., p. 19.) In their Motion to Dismiss, Respondents argue that "all of these claims amount to challenges to Petitioner's proceedings in post-conviction proceedings and are, therefore, not cognizable in federal habeas corpus." (Document No. 24, pp. 11-12.)

Errors occurring in state post-conviction proceedings typically cannot serve as a basis for federal *habeas corpus* relief.  See Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998) ("[A] challenge to Virginia's state habeas proceedings, cannot provide a basis for federal habeas relief."); Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988); see also; Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.), cert. denied, 495 U.S. 936, 110 S.Ct. 2183, 109 L.Ed.2d 511 (1990) ("[A]n infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition."); Vail v. Procunier, 747 F.2d 277, 278 (5th Cir. 1984)("Infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas relief."). This is because federal *habeas* relief is available "in behalf of a person in custody *pursuant to the judgment of a State court.*" 28 U.S.C. § 2254(a)(emphasis added). "Even where there may be some error in state post-conviction proceedings this would not entitle [petitioner] to federal habeas corpus relief since [petitioner]'s claim here represents an attack on a proceeding collateral to the detention of [petitioner] and on the detention itself." Williams v. Missouri, 640 F.2d 140, 144 (8th Cir.), cert.

denied, 451 U.S. 990, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981). The undersigned therefore finds that Petitioner's claims raised in Ground II(B)(1), (2), and (3), constitute challenges to proceedings collateral to his detention and not the detention itself. Petitioner is not currently in custody as a result of the decisions of the Circuit Court of Fayette County and the SCAWV with respect to his *habeas* proceedings. Accordingly, Respondents' Motion to Dismiss with respect to Ground II(B)(1), (2), and (3) must be granted.

### 3.        Claims are Insufficiently Pled.

*Habeas* petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849, 114 S.Ct. 2568, 129 L.Ed.2d 66 (1994). The Petition must "set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Proceedings in the United States District Courts. "[N]otice pleading is not sufficient [in federal *habeas corpus*], for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Blackledge v. Allison, 431 U.S. 63, 75 n. 7, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). The petitioner must come forward with evidence that the claim has merit. Nickerson v. Lee, 971 F.2d 1125 (4th Cri. 1992), cert. denied, 507 U.S. 923, 113 S.Ct. 1289, 122 L.Ed.2d 681 (1993), *abrogation on other grounds recognized*, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).

Respondents argue that Petitioner's claims are insufficiently pled because "Petitioner, instead of setting out arguments in support of his claims, is asking this Court to review the entire record and discern his claims and arguments from previously filed pleadings." (Document No. 24, p. 10.) Specifically, Petitioner requests the Court to "incorporate the entire file of 98-F-03 [and] review the evidence with regard to all claims asserted[.]" (Document No. 24, p. 10.) Therefore, Respondents

request the Court to require Petitioner to "fully brief the remaining (exhausted) grounds sufficiently to present the substance of his claims." (Id.)

Based on the foregoing, the Court will consider whether Grounds I and II are sufficiently pled.[10] In Ground I (A) and (B), the Petitioner alleges ineffective assistance of counsel in violation of his Sixth Amendment rights. In his Statement of Facts, Petitioner states that his trial counsel, Mr. Keenan, knew of co-defendant Miguel Gonzalez's exculpatory statement, but failed to have Mr. Gonzalez subpoenaed for Petitioner's trial. (Document No. 1, p. 13). Petitioner further alleges Mr. Keenan failed to subject the State's case to meaningful adversarial testing because he failed to impeach the testimony of the State's witnesses, Diane Green and Heather Taylor. (Id.) Finally, Petitioner claims that Mr. Keenan had information from Richard Patrick, a private investigator, which indicated that Ms. Green and Ms. Taylor "were threatened to cooperate with losing their children and they did not hear anything directly from anyone." (Id.)

In Ground II (A)(1), the Petitioner asserts that "prosecutorial misconduct" denied him due process of law. On the first day of Petitioner's jury trial, Petitioner contends that Beckley Register Herald published an article based on prejudicial statements made by Prosecutor Paul Blake. Petitioner alleges that the newspaper article contained the following prejudicial statements: (a) "Reardon was murdered execution style..."; (b) "Reardon's body was found riddled with bullets..."; and (c) "Because Quinones committed the crime as a juvenile...". (Id., p. 14.) Petitioner further claims that the Prosecutor improperly referred to Petitioner's "ethnicity and place of origin" during closing arguments. (Id., p. 15.)

---

[10]  Based on the Court's foregoing conclusions on Respondents' Motion to Dismiss, the Court will only consider the sufficiency of Grounds I and II.

In Ground II (A)(2), the Petitioner claims he was subjected to "judicial prejudice in evidentiary rulings and jury composition rulings." Specifically, Petitioner alleges that the Circuit Court violated his due process rights by excluding Mr. Gonzalez's exculpatory statement. Petitioner maintains that Mr. Gonzalez's statement verified that Co-defendant Damien Bagut was the "sole shooter involved in the killing." (Document No. 1, pp. 12-13.) Next, Petitioner argues that the Circuit Court Judge committed judicial prejudice by denying Petitioner's motion to take the testimony of newspaper reporter, George Gannon, and denying individual *voir dire* of the jury concerning the prejudicial newspaper article. (Id., p. 14.) Petitioner further contends that the Circuit Court improperly denied Petitioner's motion to exclude jurors Dale Wagner and John Browning, for cause. (Id., p. 20.)

Finally, in Ground II (A)(3), Petitioner argues that he was subjected to an excessive sentence in violation of his due process rights. Petitioner contends that his sentence is disproportionate and excessive compared to that of his co-defendant. Petitioner claims that his co-defendant, Mr. Bagut, admitted to killing the victim and received a sentence of only twenty years, whereas Petitioner was convicted of second degree murder and received a sentence of twenty-five years.

Based on the foregoing, the undersigned concludes there are enough alleged facts to find that Grounds I and II are sufficiently pled. The Court, however, agrees with Respondent that a petitioner may not argue his grounds by incorporating the whole record of prior proceedings. A petitioner must set forth the substance of his claims. The undersigned notes that it has not reviewed the underlying record of Case No. 98-F-3. Because Petitioner attempts to assert facts based on the Court's review of all records in Case No. 98-F-3, the Court finds that Petitioner should fully brief Ground I(A) and (B), and Ground II (A)(1),(2), and (3) to include additional facts the Petitioner deems pertinent to

22

his claims. Accordingly, Respondents' Motion to Dismiss with respect to insufficiently pled claims should be denied.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Respondents' Motion to Dismiss (Document No. 23) as to Petitioner's Ground II(B)(1), (2), and (3), and Ground III(A)(1), (2), and (3), **DENY** Respondents' Motion to Dismiss as to Ground I(A) and (B), and Ground II(A)(1), (2), and (3), and refer this matter back to the undersigned for the scheduling of further proceedings.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81

L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner, who is acting *pro se.*

ENTER: February 19, 2008.

R. Clarke VanDervort
United States Magistrate Judge

24