## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

MIGUEL QUINONES,

                Petitioner,

v.                                                  CIVIL ACTION NO. 5:06-cv-00072

JIM RUBENSTEIN,

                Respondent.

### MEMORANDUM OPINION AND ORDER

Pending before the Court are Petitioner's Petition for Writ of Habeas Corpus [Docket 1] and Respondent's Motion to Dismiss [Docket 23].  By Standing Order entered July 21, 2004, and filed in this case on February 2, 2006, this case was referred to United States Magistrate Judge R. Clarke VanDervort for submission of Proposed Findings of Fact and a Recommendation (PF&R) pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  On February 19, 2008, Magistrate Judge VanDervort filed his PF&R, recommending that the Court **GRANT** Respondent's Motion to Dismiss as to Grounds II(B)(1), (2), and (3) and Grounds III(A)(1), (2), and (3) and **DENY** Respondent's Motion to Dismiss as to Grounds I(A) and (B) and Grounds II(A)(1), (2), and (3).  On February 28, 2008, Petitioner filed a Motion for Extension of Time to File Objections [Docket 42], which this Court granted by Order

---

[1]  This case was originally assigned to United States District Judge David E. Faber, however, on April 17, 2006, the case was reassigned to the undersigned judge.

dated February 29, 2008 [Docket 43].  On March 4, 2008, Petitioner timely filed his Objections to the PF&R.

## *I.  BACKGROUND*

The factual and procedural history is set forth more fully in the PF&R.  Relevant to this Memorandum Opinion and Order, Petitioner was indicted on a charge of murder by a grand jury in Fayette County, West Virginia, on January 14, 1998.  Following a jury trial conducted on August 8-11, 2000, Petitioner was convicted of second degree murder and subsequently sentenced to twenty five years in prison.  On August 6, 2001, Petitioner, by counsel, appealed his sentence and conviction to the Supreme Court of Appeals of West Virginia (SCAWV).  On November 5, 2001, the SCAWV refused the appeal.

On January 4, 2002, Petitioner, *pro se*, filed a Petition for Writ of Habeas Corpus in the Circuit Court of Fayette County, West Virginia, and the circuit court appointed counsel to represent him.  On April 18, 2004, Petitioner filed a *pro se* amended petition.  The amended petition raised nine separate grounds for relief including, for the first time, an allegation that there was insufficient evidence to support his murder conviction.[2]  Petitioner's counsel also filed a petition and amended petition on his behalf.  Then, on May 29, 2003, Petitioner and his counsel filed their "*Losh* List" and

---

[2] Amended Ground 4 in Petitioner's amended *pro se* petition for writ of habeas corpus filed in the Circuit Court of Fayette County states:

> The petitioner contends that the trial court erred in denying his motions for a directed verdict  of acquittal for want of sufficient evidence of the elements of first and second degree murder, and in allowing the jury to consider a charge of first and second degree murder when the facts fo the State's case clearly demonstrated that he was not guilty of any degree of unlawful homicide.

(Docket 33-2 at 6.)

the circuit court conducted an omnibus hearing pursuant to W. Va. Code § 53-4A-1.[3]  Included in

the list was a challenge to the sufficiency of the evidence.  By Order dated August 5, 2004, the

circuit court found that Petitioner had waived all but three grounds for relief: ineffective assistance

of counsel, failure to strike jurors for cause, and disproportionate sentence.  Upon consideration of

those grounds, the circuit court denied the petition.

On November 18, 2004, Petitioner filed a *pro se* Post-Conviction Petition for Writ of Habeas

Corpus with the SCAWV.  The SCAWV granted Petitioner's appeal and appointed new counsel,

who filed a Supplemental Petition for Appeal on December 7, 2004.  In his brief dated June 9, 2004,

Petitioner's counsel addressed the three issues that the Circuit Court of Fayette County had found

that Petitioner did not waive: ineffective assistance of counsel, failure to strike jurors for cause, and

disproportionate sentence.  In that filing, Petitioner's counsel noted that Petitioner had raised the

insufficient evidence claim in the *pro se* petition, however, counsel declined to develop that ground

in the brief.  Petitioner also filed a *pro se* brief in which he addressed twelve assignments of error,

including the sufficiency claim.

Finding "that during his testimony at the omnibus hearing [Petitioner], in response to a

question posed by the presiding judge, indicated that he was waiving all issues except his claims of

being deprived of a fair trial due to ineffective assistance of counsel and being disproportionately

punished in light of his level of involvement in the crime[,]" *State ex rel. Quinones v. Rubenstein*,

624 S.E.2d 825, 830 (W. Va. 2005), the SCAWV reviewed only those issues that were not waived.

---

[3]  In *Losh v. McKenzie*, 277 S.E.2d 610-11 (W. Va. 1981), the SCAWV held, "Once a circuit court grants a *pro se habeas corpus* petition and appoints counsel for the petitioner, both counsel and the petitioner must raise all issues which are known to them or which, with reasonable diligence, would become known to them."

Although the SCAWV noted that Petitioner's sufficiency claim was contained in the petition but not

developed in counsel's brief, the SCAWV denied all claims contained in the petition in a *per curiam*

opinion dated November 30, 2005. *Id.*

Petitioner filed the instant petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus By

a Person in State Custody on February 2, 2006. The petition contained the following grounds for

relief:

I.      Violation of Sixth Amendment
  A.      Ineffective Assistance of Counsel
  B.      Denial of compulsory process to obtain witnesses in his favor

II.     Violation of Fifth Amendment and Fourteenth Amendment:
  A.      Due Process of Law
    1.      Prosecutorial misconduct
    2.      Judicial prejudice in evidentiary rulings and jury composition rulings
    3.      Excessive sentence imposed
  B.      Denial of equal protection under the laws
    1.      Denial of "Full and Fair" Habeas Corpus proceedings to question grounds raised as mandated by West Virginia law
    2.      Denial of "reasonable" Habeas Corpus hearing by lower court in not addressing grounds asserted, mandated by § 2254
    3.      Failure of state court to properly address record of proceedings and apply legal precedence of state law equaly [sic]

III.    Violation of Eighth Amendment
  A.      Cruel and unusual punishment inflicted
    1.      Length of sentence to that of co-defendants
    2.      Conviction without evidence of guilt beyond a reasonable doubt
    3.      Courts failure to rectify unlawful lower court rulings

(Docket 1 at 23.)  On March 2, 2006, Respondent, in response to an order to show cause why the

petition should not be granted, filed a motion to dismiss. Petitioner responded on March 14, 2007,

and again on December 7, 2008, after being given notice of his right to file a further response

pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Respondent filed his reply on

February 5, 2008, and the magistrate judge filed his PF&R addressing the motion to dismiss on

February 19, 2008.

## II. ANALYSIS

### A.     Standard of Review

This Court "shall make a *de novo* determination of those portions of the report or specified

proposed findings or recommendations to which objection is made[,]" and "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

§ 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard,

the factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In addition, this Court need not conduct a *de novo* review when a party "makes general and

conclusory objections that do not direct the Court to a specific error in the magistrate's proposed

findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Here,

pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) and this Court's order dated February

29, 2008, objections to Magistrate Judge VanDervort's PF&R were due by March 17, 2008.

Petitioner timely filed his objections on March 4, 2008.

In that filing, Petitioner objects to the Magistrate judge's recommendation to grant

Respondent's motion to dismiss with regard to Ground III(A)(2), the insufficient evidence claim,

for failure to exhaust state remedies.  In support of his objection, Petitioner contends that he did, in

fact, exhaust his state remedies by raising the sufficiency claim in both state *habeas* petitions, the

*Losh* list, and his *pro se* petition for appeal.  Petitioner also contends that, even if the Court finds that

he failed to exhaust his state remedies, that failure should be excused because he has presented

evidence of his actual innocence. Finally, he alleges that the materials he used to prepare these filings were confiscated by prison staff in an attempt to "thwart" his attempted exhaustion. The Court addresses these objections in turn.

 *B.      Exhaustion*

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners are required to exhaust available state court remedies before filing a § 2254 petition for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A). This requirement is satisfied when "it is clear that [Petitioner's] claims are now procedurally barred under [state] law." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Thus, Petitioner bears the burden of proving that his state remedies are exhausted. *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (citations omitted). Exhaustion may be accomplished by either direct or collateral review and "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts[.]" *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).

Federal courts, therefore, can consider only those issues which have been "fairly presented" to the highest state court. *Picard v. Connor*, 404 U.S. 270, 275-78 (1971). To be fairly presented, "[t]he ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (quoting *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)). A claim is not fairly presented "if [a] court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

6

In the case of a claim that there was insufficient evidence to support a criminal conviction, a petitioner must "alert the state courts to the fact that he [is] asserting a claim *under the United States Constitution*." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (emphasis added); *see also Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). "The mere similarity between a claim of state and federal error [or] general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. In *Hiivala*, the petitioner argued to the state supreme court that the state did not present sufficient evidence to support his conviction for first-degree murder. *Id.* at 1107. Neither his petition nor his brief, however, referred to the Due Process Clause, the Fourteenth Amendment, or any federal case law addressing the legal standard to support a claim of insufficient evidence. *Id.* Thus, he did not fairly present the federal claim to the state courts and his federal *habeas* relief was accordingly barred by his failure to exhaust state remedies. *Id.*

In the PF&R, the magistrate judge found that "Petitioner did not raise [the claims under Ground III] as errors in his direct appeal of his conviction or his appeal of the circuit court's denial of *habeas* relief to the SCAWV." (Docket 41 at 17.) Based on this finding, the magistrate judge recommends that Respondent's motion to dismiss as to Ground III,[4] which includes the sufficiency claim, be granted. Petitioner objects to this recommendation, stating that the "matter all boils down to semantics [because Ground III(A)(2) and his state court claims] are essentially the same ground

―――――――――

[4] In the petition, Ground III is styled "Violation of Eighth Amendment." (Docket 1 at 23.) In the PF&R, the magistrate judge noted that he "considered and reviewed all *pro se* documents filed as exhibits by Petitioner and [found that] the record is void of any reference to an Eighth Amendment violation." (Docket 41 at 17.)

of lack of sufficient evidence to convict." (Docket 44 at 3.)  In support of this contention, Petitioner

points to a number of times in the record where he raised his sufficiency claim: the *pro se* amended

petition filed in the Circuit Court of Fayette County, the *Losh* list, the *pro se* petition for appeal, and

the *pro se* appellate brief.

While it is true that Petitioner did raise the sufficiency claim in his state proceeding, it was

not "fairly presented" to the SCAWV because he did not plainly define it as a federal issue.  At no

point in his state proceeding, including his *pro se* amended petition, (Docket 33-2 at 6), *Losh* list,

(Docket 1 at 29), *pro se* petition for appeal, (Docket 26-3 at 5), or *pro se* appellate brief, (Docket

26-4 at 5, 10), did Petitioner cite to any provision of the United States Constitution or federal case

law in support of his sufficiency claim.

The mere similarity of Petitioner's sufficiency claim to a federal claim is not enough to put

the SCAWV on notice of an alleged constitutional violation.  In fact, the SCAWV, which expressly

limited its review to Petitioner's constitutional issues, noted the existence of the sufficiency claim

but declined to address it in part because Petitioner had waived that claim, among others, at the

omnibus hearing.  *State ex rel. Quinones v. Rubenstein*, 624 S.E.2d 825, 830 n.5 (W. Va. 2005).  The

SCAWV was not required to look past the face of the petition to determine whether Petitioner's

claim was federal in nature, and there is no indication in the opinion that the SCAWV viewed it as

such.  Similar to *Hiivala*, Petitioner did not plainly define the federal nature of the sufficiency claim,

and thus failed to put the state court on notice of the alleged constitutional violation.  Moreover, as

the SCAWV found, Petitioner waived his sufficiency claim at the omnibus hearing when he elected

to proceed only on his ineffective assistance of counsel and disproportionate punishment claims.

Accordingly, he has failed to exhaust his state remedies as to this claim and his objection is **OVERRULED**.

       *C.*      *Cause and Prejudice*

In his brief, Petitioner does not specifically object to the magistrate judge's proposed finding that "Petitioner has not indicated, nor does the record suggest, any circumstance which hindered or impeded him from raising [his sufficiency claim]." (Docket 41 at 18.)  He does claim, however, that he had intended to present to the Court a copy of the transcript from his omnibus hearing before the Circuit Court of Fayette County, which "would have sufficed to show that the lower Circuit Court and the SCAWV purposely thwarted exhaustion of [his] claims[.]" (Docket 44 at 5-6.)

Federal courts will not review state court decisions on federal law if the decision "rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).  The adequate and independent state grounds doctrine applies in the context of federal *habeas corpus* proceedings where "a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Id.* at 730.  The Fourth Circuit has held that unambiguous state court rules are always "firmly established," and thus an adequate ground to support a judgment. *Weeks v. Angelone*, 176 F.3d 249, 270 (4th Cir. 1999).  A state court rule is independent if it is not predicated "on a federal constitutional ruling." *Burket v. Angelone*, 208 F.3d 172, 183 (4th Cir. 2000).  Thus, the claim is procedurally defaulted "when the petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* at 183 n.11 (citing *Coleman*, 501 U.S. at 735 n.1).

When a claim has been procedurally defaulted on appeal, a federal court may still review the claim if the prisoner can demonstrate "cause and actual prejudice." *Reed v. Ross*, 468 U.S. 1, 11 (1984) (citations omitted).  To demonstrate cause for a procedural default, a petitioner must show "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Here, Petitioner's counsel declined to elaborate on the sufficiency claim in his appellate brief, essentially abandoning that claim on appeal.  Moreover, Petitioner waived the claim at the omnibus hearing.  Accordingly, the SCAWV expressly declined to address the sufficiency claim based on Petitioner's waiver and counsel's decision not to present the issue in full.  Thus, the claim has been procedurally defaulted and this Court will entertain the sufficiency claim only if Petitioner can demonstrate cause and actual prejudice.

Petitioner, however, has failed to meet his burden.  His only evidence regarding the cause requirement is the transcript from the omnibus hearing that "would have sufficed to show that the lower Circuit Court and the SCAWV purposely thwarted exhaustion."  (Docket 44 at 5-6.)  That transcript, even if Petitioner had filed a copy, would necessarily fail to establish an objective factor *external* to the defense as required under *Murray*.  First, the transcript was of a proceeding before the circuit court.  Thus, it could not possibly demonstrate any attempt on the part of the SCAWV to "thwart" exhaustion.  Second, the transcript could provide evidence only of *internal* factors, which are not sufficient to establish the requisite objective factors that impeded his or his counsel's efforts to comply with the procedural rules.  Finally, the SCAWV found that Petitioner waived his sufficiency claim and Petitioner has alleged no facts to indicate that his waiver was a result of

10

anything more than his own volition.[5]   Without identifying objective factors external to the state

court proceeding, Petitioner cannot demonstrate cause to show why he was unable to exhaust his

state remedies on the sufficiency claim and his objection regarding this issue is accordingly

**OVERRULED**.

       *D.*     *Actual Innocence*

Petitioner next objects to the magistrate judge's proposed finding that "Petitioner has not set

forth any evidence of [actual innocence.]"  (Docket 41 at 17-18.)  In support of his objection,

Petitioner directs the Court to the trial testimony of Miguel Gonzales, Damien Bagut, Diane Green,

and Heather Taylor.  This testimony, according to Petitioner, supports his claim of actual innocence.

A federal *habeas* court may grant a writ in special circumstances, absent a showing of cause

for procedural default, "in an extraordinary case, where a constitutional violation has probably

resulted in the conviction of one who is actually innocent[.]" *Murray*, 477 U.S. at 496.  Claims of

actual innocence, however, are narrow in scope and "should not be granted casually."  *Wilson v.

Greene*, 155 F.3d 396, 404 (4th Cir. 1998) (citations omitted).  In fact, "'in virtually every case, the

allegation of actual innocence has been summarily rejected.'" *Calderon v. Thompson*, 523 U.S. 538,

559 (1998) (citation omitted).  "'To be credible,' a claim of actual innocence must be based on

reliable evidence *not presented at trial*."  *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995))

(emphasis added).  To prevail on a claim, the petitioner must show "'it is more likely than not that

---

[5]  To the extent that Petitioner alleges that his files were stolen by Respondents in an attempt to
"obstruct[] justice," (Docket 44 at 5), his argument is inapposite as to the cause and prejudice
analysis.  Any events that occurred after his state case was finalized on appeal can not possibly have
caused him to procedurally default on the appeal itself.

no reasonable juror would have convicted him in light of the new evidence' presented in his habeas

petition." *Id.* (citing *Schlup*, 513 U.S. at 327).

The only evidence Petitioner has presented in his *habeas* petition is the trial testimony of

Miguel Gonzales, Damien Bagut, Diane Green, and Heather Taylor.  It is not new evidence that

would make it more likely than not that he would not have been convicted.  More importantly, the

evidence has already been presented at trial.  Thus, it does not fall under the requirement in

*Calderon* and *Schlup* that the actual innocence claim be based on "reliable evidence *not presented*

*at trial*."  Without presenting such new and reliable evidence, Petitioner is unable to meet his heavy

burden on his claim of actual innocence.  Thus, his objection to the magistrate judge's proposed

finding that he submitted no evidence of actual innocence is **OVERRULED**.

### E.      Other Grounds for Relief

In his objections, Petitioner states that he "agree[s] with the remaining elements of

Magistrate VanderVort's [sic] analysis of law and recommendations." (Docket 44 at 5.)  The Court

has considered the PF&R and the briefing and, there being no remaining objections, **ADOPTS** the

PF&R in its entirety.

### III.  CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Petitioner's Objections [Docket

44] and **ADOPTS** the magistrate judge's PF&R [Docket 42] in its entirety.  Thus, the Court

**GRANTS** Respondents' Motion to Dismiss [Docket 23] as to Petitioner's Grounds II(B)(1), (2), and

(3), and Grounds III(A)(1), (2), and (3), and **DENIES** Respondent's Motion to Dismiss as to

Grounds I(A) and (B), and Grounds II(A)(1), (2), and (3).  Petitioner's Grounds II(B)(1), (2), and

(3), and Grounds III(A)(1), (2), and (3) are hereby **DISMISSED** and the Court **REFERS** the case

back to Magistrate Judge VanDervort for the scheduling of further proceedings.  The Clerk is

**DIRECTED** to send a copy of this Memorandum Opinion and Order to counsel of record, Petitioner

*pro se*, and Magistrate Judge VanDervort.


ENTER:        March 27, 2008

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE