**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

MIGUEL QUINONES,

                      Petitioner,

v.                                  CIVIL ACTION NO. 5:06-cv-00072

JIM RUBENSTEIN,

                      Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Respondent's Motion to Dismiss or in the Alternative Motion for Summary Judgment [Docket 57]. By Standing Order entered July 21, 2004, and filed in this case on February 2, 2006, this case was referred to United States Magistrate Judge R. Clarke VanDervort for submission of Proposed Findings and a Recommendation (PF&R) pursuant to 28 U.S.C. § 636(b)(1)(B).[1] On March 27, 2008, the Court adopted Magistrate Judge VanDervort's PF&R, granted Respondent's Motion to Dismiss as to Grounds II(B)(1), (2), and (3) and Grounds III(A)(1), (2), and (3), denied Respondent's Motion to Dismiss as to Grounds I(A) and (B) and Grounds II(A)(1), (2), and (3), and referred the case back to Magistrate Judge VanDervort for further proceedings. Respondents filed the instant motion to dismiss or in the alternative motion for

---

[1] This case was originally assigned to United States District Judge David E. Faber, however, on April 17, 2006, the case was reassigned to the undersigned judge.

summary judgment on June 5, 2008.[2]  On January 16, 2009, Magistrate Judge VanDervort filed a supplemental PF&R [Docket 63] recommending that the Court **GRANT** the motion to dismiss as to all counts and **REMOVE** the matter from the docket.  Objections to the PF&R were due by February 2, 2009, however, Petitioner filed a letter-form Motion for Extension of Time to File Objections [Docket 64] on February 10, 2009.[3]  The Court granted that motion by Order [Docket 65] dated February 11, 2009, and extended the deadline for objections until March 9, 2009.  Petitioner filed his objections on March 9, 2009, and the matter is now ripe for the Court's consideration.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The factual and procedural history is set forth more fully in the most recently filed PF&R [Docket 63] and in the Court's prior Memorandum Opinion and Order [Docket 50] dismissing Petitioner's petition as to Grounds II(B)(1), (2), and (3), and Grounds III(A)(1), (2), and (3).  The Court hereby adopts and incorporates by reference those portions of the Memorandum Opinion and Order [Docket 50] relevant to this opinion.  In short, in August, 2000, Petitioner was tried and convicted in Fayette County, West Virginia, on a charge of second degree murder and subsequently sentenced to twenty five years in prison.  After he was denied habeas relief in state court, Petitioner

---

[2]  The motion is styled as a Response to Magistrate Judge VanDervort's Order [Docket 51], entered on April 4, 2008, directing the parties to file supplemental briefings on Petitioner's remaining claims.

[3]  Although Petitioner is entitled to the benefit of the "prison mailbox rule," *see Houston v. Lack*, 487 U.S. 266 (1988), his letter to the Court is dated February 6, 2009, four days after his objections were due.  Thus, his objections will be accorded due weight, given that the motion seeking an extension was not timely filed.

applied for relief in this Court pursuant to 28 U.S.C. § 2254 alleging the following grounds for

relief:

I.      Violation of Sixth Amendment
        A.      Ineffective Assistance of Counsel
        B.      Denial of compulsory process to obtain witnesses in his favor

II.     Violation of Fifth Amendment and Fourteenth Amendment:
        A.      Due Process of Law
                1.      Prosecutorial misconduct
                2.      Judicial prejudice in evidentiary rulings and jury composition rulings
                3.      Excessive sentence imposed
        B.      Denial of equal protection under the laws
                1.      Denial of "Full and Fair" Habeas Corpus proceedings to question
                        grounds raised as mandated by West Virginia law
                2.      Denial of "reasonable" Habeas Corpus hearing by lower court in not
                        addressing grounds asserted, mandated by § 2254
                3.      Failure of state court to properly address record of proceedings and
                        apply legal precedence of state law equaly [sic]

III.    Violation of Eighth Amendment
        A.      Cruel and unusual punishment inflicted
                1.      Length of sentence to that of co-defendants
                2.      Conviction without evidence of guilt beyond a reasonable doubt
                3.      Courts failure to rectify unlawful lower court rulings

(Docket 1 at 23.)  In light of the Court's previous ruling on Respondent's motion to dismiss, the

following claims remain: Grounds I(A) and (B), and Grounds II(A)(1), (2), and (3).  Magistrate

Judge VanDervort then ordered Petitioner to file a brief addressing the factual basis for the

remaining grounds.  In his responsive brief, Petitioner alleged the following:

I.      Ineffective Assistance of Counsel
        A.      Counsel failed to do a preliminary investigation of state witnesses and
                defense witnesses
        B.      Counsel failed to file any pre-trial motions
        C.      Counsel violated rules of professional conduct by using the trial proceedings
                as a forum to play a "hoax" on Beckley Register-Herald reporter George
                Gannon

3

D.     Counsel failed to subject the State's case to meaningful adversarial testing in light of impeachment evidence against State witnesses Heather Taylor and Diane Green

II.     Prosecutorial Misconduct

A.     The prosecutor's office committed misconduct when it failed to forward a copy of discovery to attorney Travers Harrington

B.     The prosecutor's office committed misconduct when it failed to produce evidence favorable to the defendant that it had presented to the grand jury

C.     The prosecutor's office committed misconduct when it gave information to a newspaper in violation of the ABA Code of Professional Conduct

D.     The prosecutor's office committed misconduct by neglecting to testify truthfully as to the circumstances surrounding the taking of the statement of State witness Miguel Gonzalez for the purpose of having favorable evidence for the accused suppressed

E.     The prosecutor's office committed misconduct by asking the jury to deliberate on matters that were deemed not in evidence, in order to arrive at a guilty verdict

F.     The prosecutor violated rules of professional conduct when he referred to the defense witnesses as liars during closing argument

G.     The prosecutor's office committed misconduct b giving prejudicial closing arguments asking the jury to deliver a verdict based on speculated consequences of a not-guilty verdict

H.     The prosecutor's office committed misconduct by using the defendant's ethnicity and place of geographical origin to inflame the jury

III.     Errors in Jury Composition

A.     The court committed error by refusing to strike juror Dale Wagner for cause

IV.     Judicial Prejudice/Misconduct in Evidentiary Rulings

A.     The court committed error in not allowing individual voir dire for jurors and not allowing testimony to be taken by George Gannon after prejudicial pretrial publicity

B.     The court committed error by denying a motion to use Miguel Gonzalez's statement as evidence under Fed. R. Evid. 804(b)(3)

C.     The court committed error by giving false claims as to reviewing the statement of Miguel Gonzalez

D.     The court committed error by failing to overrule the defendant's objection to the prosecutor's statement during closing argument regarding a possible robbery motive after the court ruled that no evidence existed to present that motive to the jury

E.     The court committed error by not awarding credit for time served as a sole result of the charge of conviction

4

V.      Disparity of Sentencing
      A.      There was a disparity in sentencing when the defendant received a sentence of 25 years, more time than any co-defendant, even though he had the least involvement

VI.     Cumulative Effect of All Errors
      A.      In light of the cumulative effect of all errors, the defendant's trial process was unconstitutional

(*See* Docket 52.)  In response to Petitioner's filing, Respondent filed his motion to dismiss or in the alternative motion for summary judgment, contending generally that, in light of the excessive amount of evidence presented at trial, any alleged error does not rise to the level of a constitutional defect.  Further, Respondent addresses each of Petitioner's individual claims.  The briefing on that motion having been completed, Magistrate Judge VanDervort filed his PF&R on January 16, 2009, recommending that the motion be granted.

## II.  STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1)(C).  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

5

### III.  ANALYSIS

In his filing, Petitioner objects to three specific portions of the PF&R:

(1)     the PF&R failed to address "any of the arguments and record references that this petitioner presented in his supplemental petition and his response to the respondent's motion to dismiss." (Docket 66 at 1.)

(2)     the PF&R "relied upon the [Supreme Court of Appeals of West Virginia's prior] ruling to propose the granting of the respondent's motion to dismiss." (*Id.* at 2.)

(3)     the Magistrate Judge "should have requested a copy of the habeas record in order to conclude what grounds were waived or asserted." (*Id.* at 3.)

The remainder of Petitioner's objections are general and conclusory and not addressed to a specific part of the PF&R.  For example, Petitioner states, "The entirety of [the PF&R] is a misrepresentation and deception of what this petitioner argued to this court." (Docket 66 at 3.)  That objection is not addressed to any specific error in the PF&R, and will thus not be considered.  Accordingly, the Court **OVERRULES** Petitioner's remaining objections and will now address the specific objections in turn.

### A.     Failure to Address Arguments Contained in the Supplemental Petition and Response

A thorough review of the appropriate documents reveals that this objection is without merit. Regarding the amended petition, the first PF&R [Docket 41] addressed each and every claim raised by Petitioner and found that Petitioner failed to exhaust his state court remedies on Grounds II(B)(1), (2), and (3) and Grounds III(A)(1), (2), and (3).  The Court then adopted that PF&R, dismissed those claims, and referred the case back to Magistrate Judge VanDervort for further proceedings. Magistrate Judge VanDervort then ordered Petitioner to file a brief addressing the remaining grounds of his petition.  Petitioner filed the requisite brief on May 6, 2008, setting forth the factual basis for his remaining claims.  In the most recent PF&R, the Magistrate Judge spent approximately two to four pages addressing each of Petitioner's remaining claims.

6

Regarding Petitioner's Response to Respondent's Motion to Dismiss [Docket 61], the Court notes that the PF&R is not required to address any of his arguments set forth in that document. Even if the Magistrate Judge were so required, a review of Petitioner's response reveals that his argument is without merit. Specifically, Petitioner argues that Respondent's motion to dismiss should be denied as moot because the Court previously denied Respondent's first motion to dismiss for failure to exhaust. Although it is true that the first motion was denied, it was denied so Petitioner could fully brief the remaining grounds of his claim and Respondent could further respond. Thus, the second motion, which was addressed to any newly briefed claims, was not moot. Having found them to be without merit, Petitioner's objection on this issue is **OVERRULED**.

      B.     *Reliance on West Virginia Court's Prior Ruling*

In his brief, Petitioner takes issue with the PF&R's reliance on the ruling of the Supreme Court of Appeals of West Virginia in his state habeas case. In support of his contention, Petitioner appears to direct the Court to pages 14–16 of the PF&R. However, the quoted material is actually found on pages 14–16 of the first PF&R [Docket 41]. Thus, Petitioner's objection is not even directed to the instant PF&R, and is accordingly **OVERRULED**.

To the extent that the objection could apply to the instant PF&R and its treatment of those claims which the Magistrate Judge found were not exhausted, a review of the PF&R reveals that Petitioner's objection is without merit. Although the Magistrate Judge referenced the state-court ruling, he did so only to determine which issues were exhausted. Indeed, the Magistrate Judge is *required* to examine the record from the state-court case to make this determination. Thus, to the extent that Petitioner's objection applies to the instant PF&R, his objection on this issue is **OVERRULED**.

7

C.      *Failure to Obtain State-Court Transcript*

Again, Petitioner references the first PF&R when making this objection.  To the extent that the objection applies to the instant PF&R, the finding at issue is that the Petitioner exhausted Grounds II(A)(2) and (3), which are discussed in greater detail in the instant PF&R.  Thus, the Court found that those claims were not waived and allowed them to go forward—a finding that benefits Petitioner.  Moreover, the transcript—which is of an omnibus hearing on Petitioner's state habeas claims—was necessary only to prove which claims may have been waived at the hearing.  Without the transcript, Respondent was unable to prove whether any claims were waived.  Finally, the Court notes that it is the responsibility of the parties, not the Court, to come forward with evidence to support their arguments.  If a party fails to do so, as did Respondent in this case, the party cannot meet its burden of proof and its argument must fail.  Because Petitioner benefitted from the ruling to which he objects, and because the Magistrate Judge was not required to obtain a transcript of the hearing, the objection on this issue is **OVERRULED**.

*IV.  CONCLUSION*

For the reasons stated above, Petitioner's Objections [Docket 66] are **OVERRULED**.  The Court **ADOPTS** the PF&R [Docket 63] in its entirety, **GRANTS** Respondent's Motion to Dismiss [Docket 57], and **DISMISSES** the Petition [Docket 1], and **DIRECTS** the Clerk to remove the case from the docket.  A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      March 26, 2009

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE